## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-1558 PA (PDx) | Date | April 1, 2025 |
|---|---|---|---|
| Title | T.H. v. Pasadena Unified School District, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On February 20, 2025, Plaintiff T.H. ("Plaintiff") filed this action pro se, purportedly appearing individually and on behalf of her minor child. Along with the Complaint, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), in which Plaintiff sought a TRO and preliminary injunction barring defendant Pasadena Unified School District from enforcing its vaccine mandate against her child. (Docket No. 4.)

On February 28, 2025, the Court issued an Order denying Plaintiff's TRO Motion and explaining that (i) pursuant to Local Rule 83-2.2.1, Plaintiff cannot prosecute this action pro se on behalf of her child; and (ii) Plaintiff is not authorized to proceed under a pseudonym without first obtaining leave from this Court. (See Docket No. 38 ("Order to Show Cause").) The Court ordered Plaintiff to show cause in writing why this action should not be dismissed due to Plaintiff's failure to comply with Local Rule 83-2.2.1 and her unauthorized use of a pseudonym. The Court warned Plaintiff that failure to adequately respond to the Order to Show Cause by March 26, 2025, may result in the dismissal of this action without prejudice. (See id.) In addition, the Court noted that Plaintiff had not paid the filing fee upon initiating this action and explained that Plaintiff must either do so or request that the fee be waived by completing a Request to Proceed In Forma Pauperis with Declaration in Support; the Court warned Plaintiff that failure to comply with this requirement by March 26, 2025, would result in the dismissal of this case without prejudice. (See id.)

Despite the Court's warnings, Plaintiff has not responded to the Order to Show Cause or taken any further action in this case. Indeed, on March 10, 2025, the Court's Order to Show Cause was returned as undeliverable. (Docket No. 47.)

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1558 PA (PDx) | Date | April 1, 2025 |
|---|---|---|---|
| Title | T.H. v. Pasadena Unified School District, et al. | | |

failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Further, under Local Rule 41-6, the Court may dismiss an action for failure to prosecute where a pro se party fails to keep the Court informed of the party's current address. Specifically, Local Rule 41-6 provides:

> ***Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.*** A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Here, more than 14 days have passed since the service dates of the Court's Order to Show Cause, which was returned as undeliverable. Despite this, Plaintiff has yet to file a Notice of Change of Address or otherwise apprise the Court of her current address and has therefore failed to comply with Local Rule 41-6.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1558 PA (PDx) | Date | April 1, 2025 |
|---|---|---|---|
| Title | T.H. v. Pasadena Unified School District, et al. | | |

The third Henderson factor also favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Moreover, "[w]here a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal." Rollins v. Superior Ct. of Los Angeles, 706 F. Supp. 2d 1008, 1014 (C.D. Cal. 2010) (citing Yourish, 191 F.3d at 991–92). Here, Plaintiff has not offered any excuse for failing to file a timely response to the Court's Order to Show Cause.

In considering the fourth and fifth Henderson factors, the Court notes that it expressly warned Plaintiff that failure to respond to the Order to Show Cause, or failure to either pay the filing fee or request a waiver of the filing fee, may result in dismissal of the action. Nevertheless, Plaintiff failed to respond and has taken no further action in this case. While the public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal, see Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011), it is the plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics, see Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, Plaintiff has failed to discharge this responsibility and appears to have abandoned this action. Additionally, the Court intends to dismiss this action without prejudice. Thus, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Accordingly, as a result of Plaintiff's failure to respond to the Court's Order to Show Cause and failure to prosecute this case, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.